1  Phillip E. Benson, CA Bar #97420
   WARREN ■ BENSON Law Group
2  620 Newport Center Dr., Ste 1100
   Newport Beach, CA 92660
3  Tel: 949-721-6636; Fax: 952-955-5177
   philbenson@warrenbensonlaw.com
4
   Donald R. Warren, CA Bar #138933
5  WARREN ■ BENSON Law Group
   7825 Fay Ave, Ste 200
6  La Jolla, CA 92037
   Tel: 858-456-1900; Fax: 858-454-5878
7  donwarren@warrenbensonlaw.com
8
   Attorneys for *Qui Tam* Plaintiff
9  Misha Kim



10

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13

14 UNITED STATES OF AMERICA ex rel.       CV 10-01988-SVW (MANx)
15 Misha Kim,
16         Plaintiffs,                    **COMPLAINT**
           vs.
17                                        **DEMAND FOR JURY TRIAL**
   GreatCare Home Health, Inc., Hee Jung
18 Mun, Dong W. Shin, M.D., Bo W. Paik,
   M.D., Whan Sil Kim, M.D., Jung Lee, Hwa
19 Kim, Jihae Kim and Yeong Lee,          **[FILED IN CAMERA AND UNDER
                                          SEAL PURSUANT TO 31 U.S.C. §
20         Defendants.                    3730(b)(2)]**
21
22
23
24
25                                        
26
27
28
                                                              COMPLAINT
                              - 1 -

*Qui Tam* Plaintiff Misha Kim, by and through her attorneys, brings this complaint on behalf of the United States and on her own behalf as follows:

## I.
## JURISDICTION

1. This is an action for civil damages and penalties arising under the laws of the United States to redress violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* This Court has subject matter jurisdiction pursuant to 31 U.S.C. §§ 3732(a) and (b) because the defendants transact business in this district and can be found in this district.

## II.
## VENUE

2. Venue is proper in this district under 31 U.S.C. § 3732(a) because the defendants transact business in this district and can be found in this district.

## III.
## PARTIES

3. *Qui Tam* plaintiff Misha Kim ("Kim") resides in this district. Kim is employed by the defendant GreatCare Home Health, Inc.

4. Defendant GreatCare Home Health, Inc., ("GreatCare") is a for profit California corporation (I.D. #C2511167) with its principal place of business located at 1545 Wilshire Boulevard # 305, Los Angeles, CA 90017. Since February 9, 2007, GreatCare has been certified by Medicare under Medicare provider number 058356 as a Home Health Care Agency to provide the following services: nursing care, physical therapy, occupational therapy, speech pathology, medical social services and home health aid services.

5. Defendant Hee Jung Mun ("Mun") is the director and owner of GreatCare. Mun resides in this district.

6. Defendant Dong W. Shin, M.D., ("Dr. Shin") is licensed to practice medicine in California. Dr. Shin practices internal medicine at Shin's Medical Group which is located at 3030 W. Olympic Boulevard, Suite 206, Los Angeles, CA 90006. Dr. Shin resides in this district.

COMPLAINT

- 2 -

7. Defendant Bo W. Paik, M.D., ("Dr. Paik") is licensed to practice medicine in California. Dr. Paik practices general medicine at 3030 W. 8th Street, Los Angeles, CA 90005. Dr. Paik resides in this district.

8. Defendant Whan Sil Kim, M.D., ("Dr. Kim") is licensed to practice medicine in California. Dr. Kim practices internal medicine at several clinics in Los Angeles County and Orange County. Dr. Kim's primary business address is believed to be located at 5661 Beach Blvd., #100, Buena Park, CA 90621. Dr. Kim resides in this district.

9. Defendant Jung Lee ("Lucia") is employed by GreatCare as a non-registered nurse. Lucia resides in this district.

10. Defendant Hwa Kim ("Helen") is employed by GreatCare as a registered nurse. Helen resides in this district.

11. Defendant Yeong Lee ("Sophia") is employed by GreatCare as a medical recorder and to oversee Quality Assurance. Sophia resides in this district.

12. Defendant Jihae Kim ("Jihae") is employed as a registered nurse by GreatCare. Jihae resides in this district.

13. At all times relevant hereto, defendant GreatCare acted through its agents and employees and the acts of GreatCare's agents and employees were within the scope of such agency and employment.

IV.

**FIRST CLAIM AGAINST GREATCARE, MUN, DR. SHIN, DR. PAIK AND DR. KIM FOR VIOLATION OF 31 U.S.C. §§ 3729(a)(1)(A) and (B)**

14. Plaintiffs incorporate by reference herein the allegations made above in paragraphs 1-13, inclusive.

15. As a Medicare approved Home Health Agency, GreatCare is entitled to receive payment from Medicare for medically necessary services provided to eligible homebound patients so long as the services provided by GreatCare and the claims submitted by GreatCare to Medicare comply with all applicable federal statutory and regulatory requirements for reimbursement.

COMPLAINT

- 3 -

16. Medicare is a health insurance program for the aged and disabled under Title XVIII of the Social Security Act that is solely funded by the federal government. Medicare pays for a limited set of home health care services and non-routine supplies under 60 day episode rates on a reasonable cost basis that includes intermittent skilled nursing care and physical therapy so long as a physician has determined that the Medicare beneficiary needs medical care at home according to the medical necessity and reasonableness requirements prescribed under the Medicare regulations and has developed a plan of care consistent with those requirements. The 60 day episode rates are established using a case-mix methodology that is adjusted based on the characteristics and diagnosis of the patient and his/her corresponding resource needs which are entered as data elements in the OASIS electronic data reporting system. The collection of accurate data elements for entry into the OASIS system is a condition of participation as a Medicare provider.

17. The data elements of the case-mix adjustment methodology are organized into three dimensions to capture clinical severity factors, functional severity factors, and service utilization factors which are assigned score values which are then summed to determine the patient's case-mix group and the episode rate. The use of false or incorrect data elements will result in an incorrect determination of the patient's case-mix group and a false episode rate.

18. In addition to participation in the OASIS system in order to get paid, home health providers must also obey federal laws and regulations which forbid the payment of unlawful kickbacks and patient referral fees. The Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b), prohibits, among other things, paying kickbacks to induce referrals for services paid under federal healthcare programs. The AKS arose out of Congressional concern that payoffs to those who can influence healthcare decisions corrupt professional healthcare decision-making and may result in federal funds being diverted to pay for goods or services that are medically unnecessary, of poor quality, or even harmful to a vulnerable patient population. The AKS prohibits payment of kickbacks in order to protect the integrity of the Medicare program from these difficult to detect harms. First enacted in 1972, the AKS was strengthened in 1977 and 1987 to ensure that

COMPLAINT

- 4 -

1  kickbacks masquerading as legitimate transactions do not evade its reach. *See* Social Security
2  Amendments of 1972, Pub. L. No. 92-603, §§ 242(b) and (c); 42 U.S.C. § 1320a-7b, Medicare-
3  Medicaid Antifraud and Abuse Amendments, Pub. L. No. 95-142; Medicare and Medicaid Patient
4  and Program Protection Act of 1987, Pub. L. No. 100-93.

5      19.    At all times relevant to this Complaint, the AKS has prohibited any person or
6  entity from making or accepting payment to induce or reward any person for referring,
7  recommending or arranging for federally-funded medical items and services, including items and
8  services provided under the Medicare program.
9  In pertinent part, the statute states:

        (b) Illegal remuneration

* * *

        (2) whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person-

        (A) to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, or

        (B) to purchase, lease, order or arrange for or recommend purchasing, leasing or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program,

COMPLAINT

shall be guilty of a felony and upon conviction thereof, shall be fined not more than $25,000 or imprisoned for not more than five years, or both.

42 U.S.C. § 1320a-7b(b)(2). Violation of the statute can also subject the perpetrator to exclusion from participation in federal health care programs and civil monetary penalties of up to $50,000 per violation and up to three times the amount of remuneration paid. 42 U.S.C. § 1320a-7(b)(7); 42 U.S.C. § 1320a-7(a)(7).

20. In addition to the AKS, 42 U.S.C. § 1395nn (commonly known as the "Stark Statute" or "Stark II") prohibits home health services and certain other entities providing healthcare items and services from submitting Medicare claims for payment for items and services that are the product of patient referrals from physicians having an impermissible "financial arrangement" (as defined in the statute) with the home health service. The Stark Statute requires that the Medicare program deny payment for claims for any service billed in violation of its provisions. 42 U.S.C. § 1395nn(g). It requires that providers who have collected Medicare payments for a healthcare service "performed under a prohibited referral must refund all collected amounts on a timely basis." 42 C.F.R. § 411.353. The Stark Statute establishes the presumptive rule that providers may not bill and the Medicare program will not pay for designated health services (as defined in the statute) generated by a referral from a physician with whom the provider has a financial relationship. 42 U.S.C. §§ 1395nn(a)(1),(g)(1). The Statute was designed to protect the federal healthcare programs from paying for the costs of questionable utilization of services by removing monetary influences on referral decisions.

21. At all times relevant to this Complaint, the Stark Statute has applied to payments to referring physicians by Home Health Agencies and services and the resulting claims to the Medicare program. *See* 42 U.S.C. §§ 1395nn(h)(6)(I). In pertinent part, the Stark Statute provides:

    (a)    Prohibition of certain referrals

COMPLAINT

- 6 -

(1) In general

Except as provided in subsection (b) of this section, if a physician (or an immediate family member of such physician) has a financial relationship with an entity specified in paragraph (2), then--

(A) the physician may not make a referral to the entity for the furnishing of designated health services for which payment otherwise may be made under this subchapter, and

(B) the entity may not present or cause to be presented a claim under this subchapter or bill to any individual, third party payor, or other entity for designated health services furnished pursuant to a referral prohibited under subparagraph (A).

42 U.S.C. §§ 1395nn.

22. The Stark Statute broadly defines prohibited financial relationships to include any "compensation" (any "remuneration") paid directly or indirectly to a referring physician. 42 U.S.C. § 1395nn(a)(2), with some statutory exceptions, none of which apply here.

23. By virtue of the terms of GreatCare's's Home Health Agency provider agreement and federal laws and regulations, at all times herein alleged, the defendants' knew that the submission of claims for payment to Medicare or any federally sponsored health care program for services provided to any patient that has been referred by a physician with whom GreatCare had a financial relationship which did not fall under an exception to the Stark Statute and AKS was prohibited. Defendants also knew that the submission of a claim for reimbursement to Medicare constituted a representation of compliance with all applicable laws and regulations, including the Stark Statute and AKS. Yet, beginning in approximately February 2007, Kim is informed and

COMPLAINT
-7-

believes and herein alleges that GreatCare and Mun, on behalf of GreatCare, provided, and caused others to provide, unlawful remuneration and kickbacks, in the form of cash, to several physicians, including Dr. Shin, Dr. Paik and Dr. Kim for patient referrals to GreatCare and submitted, and caused others to submit, to Medicare false or fraudulent claims for reimbursement and false records in support of such claims for the services GreatCare rendered to the home health care Medicare beneficiaries who had been referred to GreatCare by physicians, including Dr. Shin, Dr. Paik and Dr. Kim, who were receiving unlawful cash compensation and kickbacks from GreatCare and Mun in violation of the Stark Statute and the AKS. Additionally, GreatCare and Mun knew that the submission of claims for payment to Medicare or any federally sponsored health care program for services provided to any patient that had become a patient of GreatCare because of the payment of inducements and rewards by Mun and GreatCare to the patient was prohibited. Yet, beginning in approximately February 2007, Kim is informed and believes and herein alleges that GreatCare and Mun, on behalf of GreatCare, provided, and caused others to provide, unlawful inducements and rewards, in the form of cash, to patients of GreatCare to induce and reward such patients to become patients of GreatCare and submitted, and caused others to submit, to Medicare false or fraudulent claims for reimbursement and false records in support of such claims for the services GreatCare rendered to the home health care Medicare beneficiaries who received unlawful inducements and rewards from GreatCare and Mun in violation of the AKS.

24. By virtue of the false or fraudulent claims knowingly made, used, or caused to be made or used by the defendants and the false records or false statements knowingly made, used or caused to be made or used by the defendants to get such false claims paid or approved, the United States has suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

V.

SECOND CLAIM AGAINST ALL DEFENDANTS

COMPLAINT

- 8 -

## FOR VIOLATION OF 31 U.S.C. §§ 3729(a)(1)(A), (B) and (C)

25. Plaintiffs repeat and re-allege paragraphs 1 through 24 as if fully set forth herein.

26. Since approximately February 2007, the defendants have knowingly participated in a scheme designed to defraud Medicare by obtaining Medicare patients through the payment of unlawful kickbacks to patients and physicians and unlawful remuneration for referrals from physicians, falsifying diagnoses to justify extensive treatment plans to obtain higher reimbursements, preparing false physician orders and Plans of Treatment forms, charging for licensed physical therapists and skilled nursing services when the services were actually provided by unlicensed or unqualified personnel or otherwise not provided and entering false data elements into the OASIS system. In addition to the unlawful kickbacks and remuneration set forth in paragraphs 18-24, the defendants engaged in the following acts:

A) Drs. Shin, Paik and Kim would refer patients to GreatCare on simple order forms that oftentimes did not include either a diagnosis or a determination that the patients were homebound sufficient to justify Medicare reimbursement for home health care. For example, in February of 2010, GreatCare provided home health care services to 62 patients, 33 of whom had been diagnosed on the original order form from the physician as suffering from simple dehydration, insufficient to justify Medicare payment for a 60 day episode. After receiving the original order forms from the physician, Mun discarded the original order forms and prepared substitute order forms for the physician's signature containing diagnoses that would justify Medicare reimbursement for a 60 day episode. In this way, only eight patients were left with a diagnosis of dehydration, instead of 33. GreatCare would also prepare Plan of Treatment forms (Form 485) containing more elaborate diagnoses than the diagnoses contained on the original order received from the physician and more extensive treatments than those listed on the original order. Mun personally delivered the Plan of Treatment forms to the physicians for their signatures, including Plan of Treatment forms for patients that Mun had directly solicited through the payment of direct kickbacks to the patients. She would also personally deliver the unlawful cash

COMPLAINT

- 9 -

remuneration to the physicians.

B) Lucia routinely performed home visits in Mun, Helen and Jihae's name. The home health care visits were then billed to Medicare as skilled nursing care visits. Helen doesn't visit the patients at their homes but only comes to GreatCare's offices to sign papers, routes sheets and notes to make it appear as if she does. Jihae also prepares notes and other documents to falsely show that she performed skilled nursing care visits when the visits were instead performed by Lucia. Mun substituted the services of a masseuse in place of a licensed physical therapist which was then billed to Medicare as physical therapy.

C) Sophia, Helen, Mun and Jihae entered false information about the condition of the patients and other false data elements into the OASIS system to justify Medicare reimbursement for 60 day episodes at higher case mix groups than the patients' conditions and needs warranted.

27. By virtue of the false or fraudulent claims knowingly made, used, or caused to be made or used by the defendants and the false records or false statements knowingly made, used or caused to be made or used by the defendants to get such false claims paid or approved, the United States has suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**PRAYER**

**WHEREFORE**, Plaintiffs pray that judgment be entered as followed:

A. In an amount equal to three times the amount of damages the United States has sustained because of the defendants' false or fraudulent claims and civil penalties up to the maximum permitted by law, for the maximum *qui tam* percentage share allowed pursuant to 31 U.S.C. § 3730(d) and for attorney's fees, costs and reasonable expenses; and

COMPLAINT

- 10 -

B.  For any and all other relief to which the plaintiffs may be entitled.

## JURY DEMAND

Plaintiffs request trial by jury.

Dated: March 18, 2010

Respectfully Submitted,

**WARREN ■ BENSON Law Group**

By: _____
Phillip E. Benson
Attorney for *Qui Tam* Plaintiff
Misha Kim

COMPLAINT

- 11 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

### CV10- 1988 SVW (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
United States of America ex rel. Misha Kim

**DEFENDANTS**
GreatCare Home Health, Inc.; Hee Jung Mun; Dong W. Shin, M.D.; Bo W. Paik, M.D.; Whan Sil Kim, M.D.; Jung Lee; Hwa Kim; Jihae Kim; and Yeong Lee

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Phillip E. Benson, Warren-Benson Law Group, 620 Newport Center Dr., Ste 1100, Newport Beach, CA 92660; 949-721-6636

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Qui Tam action under False Claims Act, 31 U.S.C. sec. 3729 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY: Case Number: **CV10-01988**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                 CIVIL COVER SHEET                                 Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 3/18/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |