Phillip E. Benson, CA Bar #97420
WARREN # BENSON Law Group
620 Newport Center Dr., Ste 1100
Newport Beach, CA 92660
Tel: 949-721-6636; Fax: 952-955-5177
philbenson@warrenbensonlaw.com

Attorneys for *Qui Tam* Plaintiff
Misha Kim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Misha Kim, <br><br> Plaintiffs, <br><br> vs. <br><br> Hee Jung Mun, Dong W. Shin, M.D., Bo W. Paik, M.D., Whan Sil Kim, M.D., Jihae Kim, Sang Whan Ahn and Seonweon Kim, <br><br> Defendants. | Case No. 2:10-CV-1988-SVW-MANx <br><br> [PROPOSED] **PROTECTIVE ORDER** |

    The Court having considered the Stipulation of the parties with respect to the disclosure of information during discovery in this action and good cause appearing therefor, and pursuant to 45 C.F.R. § 164.512(e)(1), the Court hereby ORDERS as follows:

    1.    The parties and their attorneys are hereby authorized to receive, subpoena, request, and transmit "protected health information" to the extent and subject to the conditions outlined herein.

2. For the purposes of this Protective Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information to attorneys representing the plaintiffs and defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, and other entities or persons involved in the litigation process.

5. Prior to disclosing any protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving any protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any other person or entity in possession of protected health information received from counsel pursuant to paragraph 4 of this Protective Order, shall return such protected health information to the covered entity or destroy any and all copies of such protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Protective Order does not control or limit the use of protected health information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

Dated: December 21, 2012

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE