1  Phillip E. Benson, CA Bar #97420
   WARREN # BENSON Law Group
2  620 Newport Center Dr., Ste 1100
   Newport Beach, CA 92660
3  Tel: 949-721-6636; Fax: 952-955-5177
   philbenson@warrenbensonlaw.com
4
   Donald R. Warren, CA Bar #138933
5  WARREN # BENSON Law Group
   7825 Fay Ave, Ste 200
6  La Jolla, CA 92037
   Tel: 858-456-1900; Fax: 858-454-5878
7  donwarren@warrenbensonlaw.com

8  Attorneys for *Qui Tam* Plaintiff
   Misha Kim
9

10

11                      UNITED STATES DISTRICT COURT

12                      CENTRAL DISTRICT OF CALIFORNIA

13

14

15

16  UNITED STATES OF AMERICA ex rel.        )   Case No. 2:10-CV-1988-SVW-MANx
    Misha Kim,                              )
17                                          )
                                            )
18              Plaintiffs,                 )   PROTECTIVE ORDER ENTERED
                                            )   PURSUANT TO THE PARTIES'
19                                          )   STIPULATION
                                            )
20         vs.                              )
                                            )
21                                          )
                                            )
22                                          )
    Hee Jung Mun, Dong W. Shin, M.D., Bo W. )
23  Paik, M.D., Whan Sil Kim, M.D., Jihae   )
    Kim, Sang Whan Ahn and Seonweon Kim,    )
24                                          )
                                            )
25                                          )
                Defendants.                 )
26                                          )
                                            )
27

28

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order Governing the Disclosure of Confidential Health & Personal Information ("Stipulation") filed on January 24, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1, 3, 5, 6, and 7 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as confidential, Confidential Health Information, Confidential Personal Information, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as confidential, Confidential Health Information, Confidential Personal Information, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as confidential, Confidential Health Information, Confidential Personal Information, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

### TERMS OF PROTECTIVE ORDER

(1) **Production of Health Information That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102–164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.** Individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including HIC number, collectively "Confidential Health Information") may be produced to one or more Parties to this action, including by the United States, in response to subpoenas served on the U.S. Attorney's Office for the Central District of California and the U.S. Department of Health and Human Services, pursuant to Fed. R. Civ. P. 26, 30-36, and 45. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102–164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States. Upon producing these documents to one or more Parties to this action, the documents shall be designated as "confidential" in the manner set forth in paragraph 2 below. The Party or Parties, including their counsel and their personnel, may use these documents only for purposes of the litigation and may disclose them to non-Parties to this litigation only as needed for the litigation, and only if the non-Party signs the form of acknowledgment attached to this Order. Counsel of record for the Party making a disclosure to a

non-Party shall be responsible for retaining the executed acknowledgements and producing them upon request. The Party or Parties shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is **filed with an application to file such documents** under seal or all information that would identify any individual person or persons discussed, described, or referenced in the document or filing has been removed. Within 90 days of the final conclusion of this litigation, all Parties to this action **who or which** have received documents pursuant to this Order shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the producing **P**arty, or shall destroy them if the producing **P**arty so requests and **thereafter** certify in writing to counsel for the producing **P**arty that the documents have been destroyed.

(2) **Designation of Confidential Health Information Subject to this Protective Order.** To designate **as** "confidential" **the** Confidential Health Information covered by this Protective Order, the producing **P**arty shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION - SUBJECT TO PROTECTIVE ORDER."

(3) **Production of Documents Containing Other Types of Confidential and Private Information.** A producing Party may produce information containing confidential and private information including (a) dates of birth, (b) Social Security numbers, (c) residential addresses, (d) telephone numbers, (e) bank account information, (f) credit card information, and (g) other personal identifying information (collectively "Confidential Personal Information"). Upon producing the documents to one or more Parties to this action, the producing **P**arty shall designate them as "confidential" in the manner set forth in paragraph 4, below. The Party or Parties, including their counsel and personnel, may use these documents only for the purpose of litigation and may disclose them to non-Parties to this litigation only as needed for this litigation, and only if the non-Party signs the form of acknowledgment attached to this Order. Counsel of record for the Party making a disclosure to a non-Party shall be responsible for retaining the executed acknowledgments and

1  producing them upon request.  The Party or Parties shall not file these documents with or submit
2  them to the Court or reproduce them in any court filing unless the document or filing is **filed with**
3  **an application to file such document** under seal or all information that would identify any
4  individual person or persons discussed, described, or referenced in the document or filing has been
5  removed.  Within 90 days of the final conclusion of this litigation, all Parties to this action **who or**
6  **which** have received documents pursuant to this Order shall return the documents designated
7  confidential and all copies, as well as all notes, memoranda, summaries, or other documents
8  containing information from the designated confidential documents, to counsel for the producing
9  **P**arty, or shall destroy them if the producing party so requests and **thereafter** certify in writing to
10 counsel for the producing **P**arty that the documents have been destroyed.

11         (4)    **Designation of Confidential Personal Information Subject to this Protective**
12 **Order.**  To designate "confidential" Confidential Personal Information covered by this Protective
13 Order, the producing Party shall so designate, on the material itself, in an accompanying cover letter,
14 on a diskette cover, or interrogatory or request for admission response, by using the following
15 designation: "CONFIDENTIAL PERSONAL INFORMATION- SUBJECT TO PROTECTIVE
16 ORDER."

17         (5)    **Confidential Health Information and Confidential Personal Information in**
18 **Depositions.**  Parties may show deponents designated Confidential Health Information and
19 Confidential Personal Information.  However, efforts should first be made, if practicable, to conceal
20 the identity of the subject of the record by coding the documents to substitute a numerical or other
21 designation for any patient's name or other identifying information.  The Parties may, within 30
22 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as
23 confidential.  Confidential information within the deposition transcript may be designated by
24 underlining the portions of the pages that are confidential and marking such pages with the following
25 legend: "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER,"
26 if Confidential Health Information and "CONFIDENTIAL PERSONAL INFORMATION –
27 SUBJECT TO PROTECTIVE ORDER," if other Confidential Personal Information.  Until
28 expiration of the 30-day period, **absent further Court order,** the entire deposition will be treated

as subject to protection against disclosure under this Protective Order. If no Party timely designates Confidential Health Information or Confidential Personal Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed **with an application to file such confidential portions and exhibits** under seal **and** separate from the portions and exhibits not so marked.

(6) **Confidential Health Information and Confidential Personal Information in Open Court.** The procedures for use of designated Confidential Health Information or Confidential Personal Information during any hearing or the trial of this matter shall be determined by the Court**, upon appropriate motion or application,** in advance of the hearing or trial. The Parties shall consider redacting confidential documents to remove identifying personal information such as names, dates of birth, Social Security numbers or HIC numbers, request **that** the **C**ourt **permit submission of** such documents under seal, code the documents to substitute a numerical or other designation for the name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all dates of birth, Social Security, and HIC numbers associated with the names of individuals have been removed. No Party shall disclose designated Confidential Health Information or Confidential Personal Information in open Court without **a request for** prior consideration by the Court.

(7) **Filing of documents. If any Party seeks to file a document under seal, such document shall be submitted to the Court with an application to file under seal in accordance with this Court's Local Rule 79-5.1.**

(8) **Modification Permitted.** Nothing in this Order shall prevent any Party or the United States from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(9) **No Waiver.** The failure to designate any materials as provided in paragraph 2 or 4 shall not constitute a waiver of a Party's or third party's assertion that the materials are covered by this Protective Order.

(10) **No Ruling on Discoverability or Admissibility.** This Protective Order does not

constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

**IT IS SO ORDERED.**

Dated: February 19, 2013           BY: _____*Margaret A. Nagle*_____
                                              MARGARET A. NAGLE
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Misha Kim,<br><br>          Plaintiff,<br><br>     v.<br><br>Hee Jung Mun, Dong W. Shin, M.D., Bo W. Paik, M.D., Whan Sil Kim, M.D., Jihae Kim, Sang Whan Ahn and Seonweon Kim<br><br>          Defendants. | Case No.10-1988 SVW (MANx) |

ACKNOWLEDGMENT OF PROTECTIVE ORDER

    I have read and understand the PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION ("Order") entered in this action on February 19, 2013. I hereby agree to be bound by the terms of the Order. Specifically, I agree that I will use stamped confidential documents and any information contained therein only for purposes of this case, including any appeals, and not for any other purpose of any kind; that I will return all stamped confidential documents to counsel within thirty (30) days after the later of the termination of this litigation or expiration of all rights to appeal; that I will take all appropriate steps to keep the stamped confidential documents and any information contained therein confidential. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time. I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California, in the above-captioned case for purpose of enforcing the aforementioned Order.

_____
[signature]

DATED: _____    _____
[print name]

-8-